IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE DOUGLAS SANDERS,

                    Petitioner,

      v.

BRIAN BELLEQUE,

                    Respondent.

Civil No. 06-1560-AC

FINDINGS AND RECOMMENDATION

      CORRINE J. LAI
      520 SW 6th Avenue
      Suite 825
      Portland, OR  97204

             Attorney for Petitioner

      HARDY MYERS
      Attorney General
      JONATHAN W. DIEHL
      Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, OR  97301

             Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the First Amended Petition for Writ of Habeas Corpus should be DENIED, and this action should be DISMISSED.

## BACKGROUND

On November 2, 1995, a Douglas County grand jury indicted Petitioner on two counts of Robbery in the Second Degree, two counts of Theft in the First Degree, one count of Burglary in the First Degree, one count of Felon in Possession of a Firearm, and one count of Kidnapping in the Second Degree. Respondent's Exhibit ("Resp. Exh.") 103, pp. 3-4. On February 16, 1996, Petitioner agreed to plead guilty to one count of Robbery in the Second Degree and one count of Burglary in the First Degree. The remaining charges were dismissed. On March 21, 1996, the trial judge sentenced Petitioner to a Ballot Measure 11 sentence of 70 months of imprisonment on the Robbery charge, and to 60 months of imprisonment on the Burglary charge, to be served consecutively.

Petitioner filed a direct appeal, raising only a Measure 11 challenge. The Oregon Court of Appeals affirmed from the bench, and the Oregon Supreme Court denied review. *State v. Sanders*, 151 Or. App. 464, 951 P.2d 204 (1997), *rev. denied*, 326 Or. 390, 952 P.2d 63 (1998).

Petitioner then sought state post-conviction relief, raising four discrete claims of ineffective assistance of trial counsel. The state moved for summary judgment, and submitted an affidavit from Petitioner's criminal trial attorney in support thereof. Counsel for Petitioner opposed the motion on the basis that summary judgment was not appropriate under controlling state law. Counsel did not submit any evidence on the merits. The PCR trial judge granted summary

judgment in favor of the state.  Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  *Sanders v. Morrow*, 172 Or. App. 763, 19 P.3d 391, *rev. denied*, 332 Or. 631, 34 P.3d 1178 (2001).

Petitioner filed a Petition for Writ of Habeas Corpus in this Court, but voluntarily dismissed that petition to file a successive state PCR petition.  The state PCR judge granted the state's motion for summary judgment, finding the second PCR petition was untimely, successive, and that the case upon which Petitioner relied did not apply retroactively.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  *Sanders v. Belleque*, 206 Or. App. 520, 138 P.3d 62, *rev. denied*, 341 Or. 216, 140 P.3d 1133 (2006).

On November 1, 2006, Petitioner filed this action.  Counsel was appointed, and in the First Amended Petition for Writ of Habeas Corpus, Petitioner alleges four grounds for relief:

> **Ground One:**  [Petitioner] received ineffective assistance of trial counsel.
> **Supporting Facts:**  Trial counsel failed to explain to [Petitioner] the nature and consequences of his plea, and thus, his plea was not voluntarily, [sic] knowing, and intelligent.  Counsel did not fully and adequately discuss sentencing options with [Petitioner] if [Petitioner] pled.  [Petitioner] understood he was to receive concurrent sentencing with Douglas County and Linn County if he pled in both counties.  [Petitioner] pled in both counties, Douglas County first, and did not receive concurrent sentences in Linn County as promised.
>
> **Ground Two:**  [Petitioner] received ineffective assistance of direct appellate counsel for failing to contest the legality of Petitioner's consecutive sentences.
> **Supporting Facts:**  At [Petitioner's] sentencing, trial counsel argued that Ballot Measure 11 was unconstitutional and that consecutive sentence was not appropriate. On appeal, appellate counsel only raised the constitutionality of Ballot Measure 11 and neglected the consecutive sentencing issue.
>
> **Ground Three:**  [Petitioner] was denied due process when the PCR trial court granted defendant's motion for summary judgment over his PCR petition.
> **Supporting Facts:**  [Petitioner] petitioned the state court for post conviction relief. In lieu of an evidentiary hearing and over the objection of [Petitioner], the court granted defendant's motion for summary judgment.

**Ground Four:**  [Petitioner] was denied due process when the trial court imposed a 60 month departed guideline sentence.
**Supporting Facts:**  Based on a judicial finding of persistent involvement in same or similar offenses, the trial court, on Burglary I, imposed a durational departure sentence on [Petitioner] from a presumptive sentence of 30 months to 60 months. There was no finding of reasonable doubt on the issue of aggravation determined by a jury.

Respondent argues Petitioner procedurally defaulted all of his claims for relief because he failed to fairly present them to the Oregon Supreme Court and the time do so has now expired.  In the alternative, Respondent argues, the claims alleged Ground Two and Four should be denied because Petitioner submitted no arguments in support.  Finally, Respondent argues Petitioner is not entitled to relief on the merits of his claims.

## DISCUSSION

## I.    Legal Standards for Procedural Default

Generally, a habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceeding, before a federal court will consider the merits of those claims.  28 U.S.C. § 2254(b)(1)(A); (*Rose v. Lundy*, 455 U.S. 509, 519 (1982).  A petitioner satisfies the exhaustion requirement "by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'"  *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)), *cert. denied*, 545 U.S. 1146 (2005).

A federal court is precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural rule.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Vansickel v. White*, 166 F.3d 953, 957 (9th Cir.), *cert.*

*denied*, 528 U.S. 965 (1999). A state procedural rule constitutes an "independent" bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

A petitioner is barred from raising procedurally defaulted claims in federal court unless he demonstrates: (1) "cause" for failing to properly present the claim to the state court and "actual prejudice" resulting from such failure; or (2) "a fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. at 732.

## II.    Analysis

### A.    Ground One

In Ground One, Petitioner alleges he was denied effective assistance of counsel because his trial counsel did not explain to Petitioner that his sentences in Douglas County would not be concurrent with sentences subsequently imposed in Linn County. Petitioner did not, however, exhaust this claim in his state PCR proceeding.

In his PCR Petition, Petitioner alleged trial counsel was ineffective for failing to argue at sentencing that Petitioner's crimes constituted a "crime spree," and, as such, were not subject to consecutive sentences. In his Response to the state's Motion for Summary Judgment, Petitioner contends his trial attorney should have argued for concurrent sentences in the Douglas County case. In his PCR appeal, Petitioner was not so specific, arguing trial counsel did not represent Petitioner's interests at sentencing because counsel made little to no effort to present argument and evidence favorable to Petitioner.

Petitioner did not raise to the state PCR court, either at the trial or appellate level, that trial counsel was ineffective for failing to explain to Petitioner that he would not receive concurrent sentencing on charges in Douglas and Linn Counties.  The fact that Petitioner raised other claims of ineffective assistance, and in his PCR petition alleged counsel failed to argue for concurrent sentences in *Douglas County*, did not suffice to "fairly present" the claim alleged in Ground One. *See Carriger v. Lewis*, 971 F.2d 329, 333-34 (9th Cir. 1992) (*en banc*) (noting that ineffective assistance of counsel claims are discrete, and that each must be properly exhausted or it will be defaulted).

Accordingly, Petitioner procedurally defaulted the ineffective assistance of counsel claim alleged in Ground One.  Because Petitioner presents no evidence of cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, habeas corpus relief must be denied.

**B.    Ground Two**

In Ground Two, Petitioner alleges he received ineffective assistance of direct appellate counsel for failing to contest the legality of Petitioner's consecutive sentences.  In the state PCR proceeding, Petitioner raised no issue concerning ineffective assistance of appellate counsel.  As such, he did not fairly present the claim alleged in Ground Two, and it is procedurally defaulted.

To the extent Petitioner's Memorandum in Support of his habeas corpus petition may be construed as arguing Petitioner's PCR attorneys were ineffective for failing to pursue an ineffective assistance of appellate counsel claim, Petitioner's position is clearly without merit. *See Coleman v. Thompson*, 501 U.S. at 753 (because a petitioner has no federal constitutional right to effective assistance of counsel in state post-conviction proceedings, he cannot claim that constitutionally

ineffective assistance of counsel in such a proceeding constitutes "cause" that would, with prejudice, excuse his procedural default). Accordingly, Petitioner is not entitled to habeas corpus relief on the claim alleged in Ground Two.

C.      Ground Three

In Ground Three, Petitioner alleges the PCR trial court denied due process when it granted the State's motion for summary judgment. Although Petitioner did assign error to the grant of summary judgment on appeal in the PCR proceeding, he did not allege a federal due process violation at the PCR trial level or on appeal. As such, Petitioner procedurally defaulted the claim alleged in Ground Three. Again, because he failed to show cause and prejudice or a fundamental miscarriage of justice excusing the procedural default, habeas corpus relief cannot be granted.

Moreover, Petitioner's claim that the state PCR trial judge violated Petitioner's due process rights by granting summary judgment without an evidentiary hearing is not cognizable here. The Oregon appellate courts rejected Petitioner's claim that Oregon law did not require him to provide evidence in response to the motion for summary judgment. The issue of interpreting Oregon statutes is a matter of state law, which is not this court may not review. *See Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (state courts are the ultimate expositors of state law and the federal courts are bound by the state court's construction except when it appears that is interpretation is an obvious subterfuge to evade the consideration of a federal issue). Further, in a habeas corpus action pursuant to 28 U.S.C. § 2254, this court may only consider an application "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, Petitioner's

due process challenges to the state PCR proceeding fail to state a cognizable claim for relief in habeas corpus.

### D.    Ground Four

Finally, in Ground Four, Petitioner alleges the criminal trial judge violated Petitioner's due process rights by imposing an upward departure on the Burglary I conviction.  Petitioner did not present this due process claim on direct appeal or in his first PCR proceeding.  While Petitioner did challenge the upward departure sentence in the second PCR proceeding on Sixth and Fourteenth Amendment grounds, the PCR rejected the claim on procedural grounds, finding it barred by the statute of limitations in Or. Rev. Stat. § 138.510(3)(b) and the prohibition against successive petitions in Or. Rev. Stat. § 138.550(3).

Petitioner does not argue the second PCR court's decision denying relief was not based upon an independent and adequate state procedural law.  As such, the claim alleged in Ground Four is procedurally defaulted, and Petitioner cannot obtain habeas corpus relief in this court.[1]

## <u>RECOMMENDATION</u>

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED, and a judgment of DISMISSAL should be entered herein.

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due January 12, 2009.  If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

---

[1] In any event, to the extent Petitioner seeks to apply the rule of *Blakely v. Washington*, 542 U.S. 296 (2004), to challenge Petitioner's sentence, *Blakely* is not retroactive anc cannot provided Petitioner relief in this action.  *See Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005).

A party may respond to another party's objections within 10 days after service of a copy of the objections.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this  30th  day of December, 2008.

/s/ John V. Acosta
_____
John V. Acosta
United States Magistrate Judge

F:\Share\Acosta\06-1560sanders1230f&r.wpd